1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES VEST,

                Plaintiff,

      v.

CSP-LAC, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 2:19-cv-06118-FLA (SP)

MEMORANDUM AND ORDER
DISMISSING ACTION FOR FAILURE
TO PROSECUTE [DKT. 27]

## I.

## **PROCEEDINGS**

On July 16, 2019, pro se Plaintiff James Vest ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights complaint in this court under 42 U.S.C. § 1983 against California State Prison, Los Angeles County ("CSP-LAC"). Plaintiff alleges his civil rights were violated when he was secured to a table and stabbed in the face and head by two inmates.

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the court screened the complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court found: (1) the complaint did not unambiguously

identify any defendant except CSP-LAC; (2) the claim against CSP-LAC was barred by state sovereign immunity under the Eleventh Amendment; and (3) the complaint failed to state a claim.

After the court found the complaint subject to dismissal, on May 19, 2020, Plaintiff filed a First Amended Complaint ("FAC") naming five Defendants: (1) D. Mabean, (2) Lieutenant; R. T. Williams, therapist; (3) Rodrigez, Correctional Officer; (4) Crumbly, Correctional Officer; and (5) C. King Correctional Officer, with all Defendants except Mabean named in only their official capacity.  As in the initial Complaint, in the FAC, Plaintiff fails to specify the constitutional violation he claims; however, he appears to have intended to assert a claim for failure to protect him from harm from other inmates.

On June 30, 2022, the court issued an order finding the FAC subject to dismissal, but again granting Plaintiff leave to amend.  The court found: (1) the FAC's claims against Defendants in their official capacity were barred by state sovereign immunity under the Eleventh Amendment; and (2) the FAC failed to state a claim.  In finding Plaintiff again failed to state a claim, the court noted Plaintiff had failed to cure the defects previously identified by the court, and that Plaintiff failed to allege any facts to indicate any Defendant was present during the attack on Plaintiff by other inmates, or that any Defendant had any reason to know of the attack beforehand.  After identifying these and other defects, the court ordered that, if Plaintiff wished to pursue this action, he must file a Second Amended Complaint by August 2, 2022, curing the enumerated deficiencies.  The court also gave Plaintiff the option of standing on the FAC without amendment by filing a notice of his intent to do so by August 2, 2022, although the court warned Plaintiff that if he did so the court would likely recommend dismissal without leave to amend.  The Order expressly admonished pPaintiff that, if he failed to timely file a Second Amended Complaint or notice that he wished to stand on the FAC, the court may recommend that this action be dismissed.

Plaintiff failed to file a Second Amended Complaint or notice by the August 2, 2022 deadline.  Accordingly, on September 21, 2022, the court issued an Order to Show

Cause Why the Complaint Should Not Be Dismissed For Failure to Prosecute ("OSC"). Plaintiff was ordered to respond to the OSC by October 12, 2022, and either show cause why the action should not be dismissed or, in the alternative, file a Second Amended Complaint. The court cautioned Plaintiff that his failure to timely respond to the OSC would be deemed by the court as consent to the dismissal of this action without prejudice.

On October 14, 2022, Plaintiff requested an extension of time to respond, which the court granted on October 26, 2022. Plaintiff was ordered to respond to the OSC or file a Second Amended Complaint by October 31, 2022. Plaintiff did not respond to the OSC by that extended deadline, or at all. The only communication the court has received from Plaintiff since October 14, 2022 is a change of address notice filed on December 15, 2022.

## II.

## DISCUSSION

The FAC filed by Plaintiff herein suffers from the pleading deficiencies discussed in the court's June 30, 2022 Order Finding First Amended Complaint Subject to Dismissal But Granting Leave to Amend. When Plaintiff failed to file a Second Amended Complaint or notice of intent to stand on the FAC, the court issued an OSC giving him an opportunity to show cause for his failure to prosecute or to discharge the OSC by filing a Second Amended Complaint, and warning Plaintiff that failure to comply with the court's order would be deemed by the court as consent to the dismissal of this action without prejudice. Plaintiff responded to the OSC only to the extent of requesting a two-week extension of his time to respond, which the court granted. Otherwise Plaintiff has failed to respond to the OSC, and has failed to file a Second Amended Complaint remedying the FAC's deficiencies, months beyond the deadline to do so. Plaintiff's failure to file a Second Amended Complaint, or to respond to the court's September 21, 2022 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, Plaintiff has failed to file a Second Amended Complaint or notice of intent to stand on the FAC as directed, and failed to respond to the court's September 21, 2022 OSC. Plaintiff's failure to follow the court's orders and to prosecute his case has caused this action to languish, impermissibly allowing Plaintiff to control the pace of the docket rather than the court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53

(9th Cir. 1994).  Although the Defendants here have not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to Defendants is unwarranted here.  Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92.  Here, Plaintiff explained in his October 14, 2022 extension request that he needed to request time in the library to conduct research for his case.  But the court granted this request, and Plaintiff has not offered any additional explanation or excuse for his failure to comply with the court's orders, despite having months to do so.  Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)).  Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to file a Second Amended Complaint or to respond to the court's September 21, 2022 OSC, Plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal.  "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,]  . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. USPS*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted).  In the instant case, however, each of these possibilities is either inappropriate for a pro se

litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The court attempted to avoid dismissal by: (1) cautioning Plaintiff in its May 4, 2020 and June 30, 2022 orders finding the complaint and FAC subject to dismissal that failure to timely file amended complaints may result in a recommendation of dismissal; (2) after Plaintiff's deadline to file a Second Amended Complaint passed, issuing an OSC in which the court warned Plaintiff that failure to timely respond to the OSC would be deemed by the court as consent to dismissal of the action without prejudice; (3) granting Plaintiff's request for additional time to respond to the OSC; and (4) waiting several months beyond the deadline to respond to the OSC before issuing this order.  Further, dismissal without prejudice is less drastic than dismissal with prejudice.  Because there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the complaint without prejudice is warranted for failure to prosecute and to obey court orders.

### III.

### ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

Dated: March 29, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge